IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MOSS, | ) | Case No. 1:18-CV-2967 |
| | ) | |
| Petitioner, | ) | JUDGE BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.      Introduction

Petitioner, David Moss, an Ohio prisoner serving an aggregate prison term of 10 years for child endangerment and attempted felonious assault, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 26, 2018.  ECF Doc. 1.  On the same day, Moss filed a motion for stay and abeyance.  ECF Doc. 3.

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Moss's petition and any potentially case-dispositive motions such as his motion for a stay and abeyance.  Because Moss has not shown the necessary good cause and merits of the affected claim, I recommend the court DENY Moss's motion for a stay and abeyance and that it DISMISS Ground Two of his petition.  I further recommend that the court GRANT Moss's request to strike Ground Two from his petition so that he may proceed on Ground One in this case.

## II.    Procedural History

### A.    State Conviction, Case No. 2015-CR-00137

On May 9, 2016, Moss, represented by counsel, pleaded guilty to four counts of

endangering children and one count of attempted felonious assault.  ECF Doc. 1 at 1.  On May

12, 2016, the court sentenced Moss to a ten year aggregate prison sentence.  ECF Doc. 1 at 1.

### B.    Direct Appeal, Case No. 2017-Ohio-1507

On August 10, 2016, Moss filed a notice of appeal to the Ohio Court of Appeals.  *See*

Docket for *State v. Moss*, 2015-CR-00137, Ohio Ct. Comm'n Pleas Ashtabula Cnty. (Aug. 10,

2016). [1]  Moss, represented by counsel, asserted one assignment of error:

> **Assignment of Error I:** The trial court erred by sentencing the defendant-
> appellant to a term of imprisonment contrary to statute and where its findings
> were not supported by the record.

*See State v. Moss*, 2017-Ohio-1507, Ohio 11th Dist. Ct. App. (Apr. 24, 2017).  On April 24,

2017, the Ohio Court of Appeals ruled on Moss's direct appeal, affirming the trial court's

sentence.  *Id*.  Moss, represented by counsel, appealed the decision to the Ohio Supreme Court

on June 6, 2017.  *See* Docket for *State v. David A. Moss*, 2017-Ohio-0762, (Jun. 6, 2017).

Moss's memorandum in support of jurisdiction raised the following issue:

> **Proposition of Law I:** The trial court erred by sentencing defendant-appellant to
> a term of imprisonment contrary to statute and where its findings were not
> supported by the record.

Appellant's Memorandum in Support of Jurisdiction at 4, *State v. Moss*, 2017-Ohio-7843 (Jun. 6,

2017).  On September 27, 2017 the Ohio Supreme Court declined jurisdiction.  *9/27/2017 Case*

*Announcements,* 2017-Ohio-7843.

---

[1] This court may take judicial notice of Moss's proceedings before other courts of record. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (1999)("[I]t is well-settled that federal courts may take judicial notice of proceedings in other federal courts of record" (quotations omitted)).

### C.      Post-Conviction Petition

On June 21, 2018, Moss, *pro se*, filed a motion for additional jail-time credit with the

Ashtabula County Common Pleas Court.  ECF Doc. 1 at 3.  On December 11, 2018 the trial

court denied the motion.  *See* Docket for *State v. Moss*, Ashtabula Court of Common Pleas,

2015-CR-00137.  On December 31, 2018 Moss appealed the trial court's ruling to the 11th

District Court of Appeals; that appeal is still pending.  *See* Docket for *State v. Moss*, 11th District

Court of Appeals, 2018-CA-00101 (Dec. 31, 2018).

## III.     Federal Habeas Petition

On December 26, 2018, Moss, *pro se*, petitioned this court for a writ of habeas corpus.

ECF Doc. 1. Moss's petition asserts two grounds for relief:

> **GROUND ONE:** Moss' Due Process and Constitutional Rights were violated
> when the trial court sentenced Moss to a term of imprisonment contrary to statute
> and where the court's findings were not supported by the record.

> **GROUND TWO:** The trial court violated Moss' Constitutional Rights when it
> denied Moss' request for all of his pre-sentence confinement (Jail-Time Credit) to
> be applied to his sentence.

The same day, Moss moved to stay his petition until he could fully exhaust Ground Two in state

court.  ECF Doc. 3 at 1-2.

## IV.     Law and Analysis

### A.      Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Moss'

petition for writ of habeas corpus.  *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding

that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493

(6th Cir. 2009).  Under AEDPA, state prisoners must either exhaust all possible state remedies or

have no remaining state remedies before a federal court can review a petition for writ of habeas

corpus.  28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982).  This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

Moss does not contest that Ground Two of his petition is unexhausted.  ECF Doc. 3 at 1- 3.

### B.	Statutory Tolling

Because Moss did not exhaust Ground Two, but exhausted his Ground One claim, his habeas petition is a "mixed petition".  *See Rhines v. Weber*, 544 U.S. 269, 271, (2005).  Moss filed a Complaint for Writ of Procedendo with the Ohio Court of Appeals alleging the trial court failed to address Moss's "second issue" (i.e. Ground Two).  ECF Doc. 3 at 2.  It is based on this writ that Moss requests a stay and abeyance of his entire habeas petition.  ECF Doc. 3 at 2.

When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice.  *See Rose*, 455 U.S. at 510.  When a mixed petition is dismissed, and the petitioner thereafter exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized second or successive petition.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).  After AEDPA established a one-year statute of limitations on habeas petitions, however, the Supreme Court determined that the dismissal of an entire petition could potentially preclude the petitioner from bringing his already-exhausted claims in a new petition.  *See Rhines*, 544 U.S. at 274–75.  To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in

4

abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims). Nonetheless, the Supreme Court warned that the frequent stay and abeyance of mixed federal habeas petitions could: (1) undermine AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings; and (2) decrease a petitioner's incentive to exhaust all his state claims before filing his federal petition. *Id*. at 277.

Thus, before considering whether a stay is appropriate, the court should first determine whether the statute of limitations tolling provision under 28 U.S.C. § 2244(d)(2) preserves the opportunity to litigate the petitioner's already-exhausted claims in a new petition filed after the unexhausted claims were fully considered in state court. *Cf. id.* at 276–77 (noting that Congress enacted AEDPA against the backdrop of the total exhaustion requirement, and that included a tolling provision in 28 U.S.C. § 2244(d)(2) in order to balance the interests served by the exhaustion requirement and the limitation period).

AEDPA's one-year limitations period begins to run when: (1) the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review; (2) the improper state-created impediment to filing an application is removed; (3) the constitutional right asserted is recognized by the Supreme Court; or (4) the petitioner discovers, or could have discovered through due diligence, the factual predicate for his claim. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period is tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274.

5

An Ohio prisoner may properly file a post-conviction motion within 365 days of: (1) the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction; or (2) the date the time to file a timely direct appeal expired, if the defendant did not file a timely direct appeal.  Ohio Rev. Code § 2953.21(A)(2).  When a trial court dismisses a timely post-conviction petition, the court must "make and file findings of fact and conclusions of law with respect to such dismissal."  Ohio Rev. Code § 2953.21(D).

Under Ohio law, a writ of procedendo does not satisfy the requirements for statutory tolling.  To qualify for statutory tolling under § 2244(d)(2) the application must seek collateral review of the judgment.  *George v. Gansheimer*, 2010 U.S. Dist. LEXIS 40960 (N.D. Ohio Apr. 27, 2010).  Writs of procedendo do not make such a challenge and as such cannot be the basis for statutory tolling.  See *Wright v. Warden*, 2016 U.S. Dist. LEXIS 88748 at n. 7 (N.D. Ohio Feb. 11, 2016) ("Petitioner is not entitled to statutory tolling based on his mandamus or writ of procedendo petitions.) adopted by 2016 U.S. Dist. LEXIS 88746 (S.D. Ohio, Jul. 8, 2016); *Cannon v. Bunting*, 2014 U.S. Dist. LEXIS 165591 at *12 (N.D. Ohio Oct. 7, 2014) ("Neither of Petition's subsequent motions for judicial release nor his writ of procedendo qualifies for statutory tolling under § 2244(d).).

**C.      Stay and Abeyance**

If the petitioner's already exhausted claims would not be tolled under 28 U.S.C. § 2244(d)(2), courts consider the following factors in determining whether to stay a habeas petition: (1) whether the petitioner had good cause for failing to exhaust his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner is engaged in intentionally dilatory litigation tactics.  *Rhines*, 544 U.S. at 277–78.  When a stay is not appropriate and the AEDPA's statute of limitations would bar the petitioner from raising in a

new petition his already exhausted claims, the district court may permit the petitioner to amend

his petition to remove his unexhausted claims and proceed on his exhausted claims. *Id*. at 278.

Because Moss's motion to stay did not toll the statute of limitations, the court must

determine whether Moss meets the requirements for a stay in abeyance.  Habeas petitioners bear

the burden of demonstrating that they satisfy the three required elements to receive a stay in

abeyance. *Sueing v. Palmer*, 503 Fed. Appx. 354, 357 (6th Cir. 2012).  In his motion, Moss does

not explain his failure to exhaust the claim for jail-time credit.  ECF Doc. 3 at 1-3.  Irrespective

of that, the claim lacks merit.  Because the claim raises only an issue of state sentencing laws, it

is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68; *Pulley

v. Harris*, 465 U.S. 37, 41, 79 L. Ed. 2d 29, 104 S. Ct. 871 (1984); *Branan v. Booth*, 861 F.2d

1507, 1508 (11th Cir.1988) ("federal courts cannot review a state's alleged failure to adhere to

its own sentencing procedures.")   Although it does not appear that Moss is engaged in

intentionally dilatory tactics here, he has not satisfied the first two elements for a stay of his

petition.

## V.      Recommendations

Because he fails to satisfy the requirements for a stay, I recommend the court DENY

Moss's motion to stay in abeyance and DISMISS Ground Two from his habeas petition.  I

further recommend that the court GRANT Moss's request to strike Ground Two from his petition

so that he may proceed on Ground One in this case.

Dated: April 2, 2019

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).