**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID MOSS, | ) | CASE NO. 1:18CV2967 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner David Moss's Motion for Stay in Abeyance (Doc. 3). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and **DISMISSES** Ground Two of Petitioner's Petition.

**I. BACKGROUND FACTS**

The following is a synopsis of the relevant facts for this Order. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion of both the facts and procedural history of the matter.

On December 18, 2018, Petitioner mailed his Petition pursuant to 28 U.S.C. § 2254. (Doc. 1). He asserted two grounds for relief. At issue is his second ground, which alleges:

**GROUND TWO:** The trial court violated Moss' Constitutional Rights

-1-

when it denied Moss' request for all of his pre-sentence confinement (Jail-Time Credit) to be applied to his sentence.

On the same day, Petitioner mailed his Motion for Stay in Abeyance. (Doc. 3). In his Motion, Petitioner asks the Court to stay the current habeas proceedings while he exhausts Ground Two of his Petition. In the alternative, Petitioner requests the Court strike Ground Two from his Petition to allow his Petition to move forward solely on Ground One.

On January 16, 2019, the Court referred the matter to Magistrate Judge Thomas M. Parker for a Report and Recommendation pursuant to Local Rule 72.1. (Doc. 7). On April 2, 2019, the Magistrate Judge issued his Report and Recommendation. (Doc. 11). The Magistrate Judge recommended the Court deny Petitioner's Motion to Stay in Abeyance and dismiss Ground Two from the Petition. He also recommended the Court grant Petitioner's request to strike Ground Two from the Petition to allow Petitioner to proceed on Ground One.

On April 12, 2019, Petitioner mailed his Objection to the Report and Recommendation. (Doc. 12).

## II. LAW AND ANALYSIS

### A. Standard of Review

A district court reviews *de novo* any finding or recommendations of the magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(c); 28 U.S.C. § 2254, Rule 8(b); Loc. R. 72.3(b). A party may not file a general objection to the entirety of the magistrate's report. *Ayers v. Bradshaw*, 2008 WL 906100, at *1 (N.D. Ohio Mar. 31, 2008) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the

petitioner's] position.'" *Ayers*, at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)).

B. **Petitioner's Objections**

In his Report and Recommendation, the Magistrate Judge found Petitioner did not exhaust Ground Two, thus rendering the Petition "mixed." The Magistrate Judge also found Petitioner did not satisfy the three factor test of *Rhines v. Weber*, 544 U.S. 269 (2005) to warrant a stay.

In response, Petitioner "acknowledges and respects the Magistrate Judge's legal reasoning, principles and case law." Petitioner further agrees that he has failed to exhaust Ground Two. Yet Petitioner would like this Court to review Ground Two on the merits due to his pro se status and because the error alleged in Ground Two is "so egregious" that it would be a "miscarriage of justice" for the Court to not address Ground Two. Petitioner then reiterated the same argument in hopes of bolstering Ground Two.

The Court is not persuaded by Petitioner's general objections to the Report and Recommendation. At the outset, it is improper for Petitioner to generally object to the Report and Recommendation. Rather, as discussed above, he must make specific objections to the Report and Recommendation. *Howard*, 932 F.2d at 509. Petitioner's general allegations of "fairness" and "miscarriage of justice" do not satisfy this standard.

Furthermore, as Petitioner himself admits, his pro se status does not excuse his failure to provide specific objections to the Report and Recommendation. *See generally Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). Petitioner requested the Court stay his case. The Magistrate Judge provided the proper

legal standard and determined Petitioner is not entitled to a stay. Petitioner did not object to the Magistrate Judge's analysis or recommendation. Instead, Petitioner opted for a general fairness argument. The Court will not disturb the Magistrate Judge's determination when Petitioner agrees with the analysis but dislikes the outcome.

### III. CONCLUSION

Because the Magistrate Judge's Report and Recommendation clearly analyzes the issues and provides a reasoned recommendation that Petitioner failed to specifically object to, the Court **ADOPTS** the Report and Recommendation. Accordingly, the Court **DENIES** Petitioner's Motion to Stay in Abeyance and **DISMISSES** Ground Two from the Petition. The Petition shall proceed solely on Ground One.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 29, 2019**